IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**LaShawnda Waiters,**
Plaintiff,

v.

**American Family Life Assurance Company of Columbus d/b/a Aflac,**

Defendant.

RCV'D – USDC COLA SC
MAR 27 '26 AM10:29

Civil Action No. _____

**COMPLAINT AND JURY DEMAND**

Plaintiff LaShawnda Waiters, proceeding pro se, for her Complaint against Defendant American Family Life Assurance Company of Columbus d/b/a Aflac, alleges as follows:

## I.     PARTIES

1. Plaintiff LaShawnda Waiters is an adult individual residing in Lugoff, South Carolina.

2. Defendant American Family Life Assurance Company of Columbus d/b/a Aflac is an employer doing business in South Carolina and may be served through its registered agent or other agent authorized to accept service of process.

## II.     JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. sections 12101 et seq.

4. This Court has subject matter jurisdiction under 28 U.S.C. section 1331 and 42 U.S.C. section 2000e-5(f)(3).

5. Venue is proper in the District of South Carolina, Columbia Division, because the unlawful employment practices alleged herein occurred in South Carolina and Plaintiff worked for Defendant in this District.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Defendant, assigned Charge No. 436-2025-01603.

7. On January 13, 2026, the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights to Plaintiff. A true copy of the Notice is attached hereto as **Exhibit 1.**

8. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

### IV.    FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant on or about October 1, 2019, as a Claims Specialist II.

10. During the course of her employment, Plaintiff pursued advancement opportunities and sought continued growth within Defendant's organization.

11. In or about May 2023, Plaintiff applied for the positions of Account Specialist III and Client Account Reconciliation Specialist. The factual chronology supporting these allegations is further set forth in Plaintiff's EEOC rebuttal, attached as **Exhibit 2.**

12. Plaintiff was not selected for either position. Plaintiff contends that she met the baseline qualifications for those roles and that unfavorable information from management was used to block her advancement.

13. In August 2023, Plaintiff was later promoted to Client Services Specialist III by the same or substantially similar decisionmakers who had previously denied her earlier applications. Plaintiff contends that this inconsistency supports an inference of pretext.

14. Plaintiff suffered from an emotional and psychological condition that caused functional limitations affecting her work. Medical and short-term disability records reflecting those limitations are attached collectively **as Exhibit 3.**

15. Defendant knew, or reasonably should have known, of Plaintiff's disability and need for accommodation, yet failed to engage adequately in the interactive process and failed to provide reasonable accommodation.

16. Plaintiff also had intermittent leave and treatment needs related to her condition. Plaintiff contends that absences connected to those protected circumstances were later used against her.

17. In or about May 2024, Plaintiff raised internal concerns to Human Resources regarding blocked opportunities, discrimination, and unfair treatment in the workplace.

18. Plaintiff's pre-suit demand correspondence, attached collectively as **Exhibit 4,** and Defendant's response, attached as **Exhibit 5,** reflect the substance of those concerns and Defendant's position.

19. After Plaintiff engaged in protected activity, she was subjected to heightened scrutiny, criticism, and disciplinary action, including a written warning.

20. Plaintiff contends that Defendant did not conduct a fair and impartial investigation into her complaint and instead minimized or disregarded the information she provided.

21. Plaintiff further contends that the work environment became intolerable after her complaint, and that the events culminating in the end of her employment were not a straightforward voluntary resignation but a forced and abrupt termination of employment.

22. As a direct and proximate result of Defendant's actions, Plaintiff suffered lost wages, lost employment opportunities, emotional distress, humiliation, and other damages.

## V.     FIRST CAUSE OF ACTION - RACE DISCRIMINATION / FAILURE TO PROMOTE (TITLE VII)

23. Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

24. Plaintiff is a member of a protected class and complained internally that discrimination was interfering with her career progression.

25. Plaintiff applied for internal advancement opportunities, including the May 2023 positions identified above, and was denied those opportunities under circumstances giving rise to an inference of unlawful discrimination.

26. Defendant's actions constituted unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964.

## VI.     SECOND CAUSE OF ACTION - DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE (ADA)

27. Plaintiff repeats and realleges Paragraphs 1 through 17 as if fully set forth herein.

28. Plaintiff had a disability within the meaning of the Americans with Disabilities Act, or Defendant regarded Plaintiff as having such a disability.

29. Defendant knew or should have known of Plaintiff's disability and need for accommodation, but failed to provide reasonable accommodation and failed adequately to engage in the interactive process.

30. Defendant's conduct constituted disability discrimination in violation of the Americans with Disabilities Act.

## VII.   THIRD CAUSE OF ACTION - RETALIATION (TITLE VII AND ADA)

31. Plaintiff repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

32. Plaintiff engaged in protected activity by complaining internally about discrimination, blocked advancement, unequal treatment, and disability-related unfairness, and by pursuing administrative remedies before the Equal Employment Opportunity Commission.

33. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including increased scrutiny, disciplinary action, continued blockage of advancement, and actions culminating in the end of Plaintiff's employment.

34. There is a causal connection between Plaintiff's protected activity and the materially adverse actions taken by Defendant.

35. Defendant's conduct constituted unlawful retaliation in violation of Title VII and the Americans with Disabilities Act.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award the following relief:

A.  **A declaration that Defendant violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act;**

B.  **An award of back pay, front pay, lost benefits, and other economic damages;**

C.  **An award of compensatory damages for emotional distress, humiliation, and mental anguish;**

D.  **An award of punitive damages as allowed by law;**

E.  **Reinstatement or, in the alternative, front pay in lieu of reinstatement;**

4

F. Costs of this action and such other and further relief as the Court deems just and proper;

## IX.    JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

LaShawnda Waiters
1489 Sandy Ridge Court
Lugoff, South Carolina 29078
Telephone: 803-446-9210
Email: shawndawaiters600@gmail.com
Pro Se Plaintiff
Date: March 18, 2026

5